IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JOSEPH TARTAGLIA and** | : | CIVIL ACTION |
| **CONNIE TARTAGLIA, h/w** | : | |
| | : | NO.  07-4766 |
| v. | : | |
| | : | |
| **SAFETY BUS SERVICE, INC.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                       **April    28, 2008**

In October 2007, Plaintiffs Joseph and Connie Tartaglia ("Plaintiffs") commenced this action in the Court of Common Pleas of Philadelphia.  Defendant Safety Bus Service, Inc. ("Defendant") subsequently removed the action.  Now before the Court is Plaintiffs' Motion to Remand.  For the reasons that follow, the Motion will be granted.

**I.     Background**

This action arises from an alleged assault on Plaintiff Joseph Tartaglia by a group of intoxicated college-aged youths.  On October 23, 2007, Plaintiffs filed a Complaint in the Court of Common Pleas of Philadelphia County, alleging that Defendant was negligent and reckless in its operation of a school bus that transported the assailants.  On November 13, 2007, Defendant removed the action to this Court on the basis of diversity jurisdiction.  On December 3, 2007, before being served with a responsive pleading, Plaintiffs filed an Amended Complaint that named North Shore Entertainment, LLC, d/b/a Finnegan's Wake ("Finnegan's Wake"), a Pennsylvania company, as an additional defendant.  Plaintiffs now seek to remand to state court, arguing that the joinder of a non-diverse defendant deprives this Court of subject matter

1

jurisdiction.  See 28 U.S.C. § 1332.

## II.     Legal Standard

"A party may amend its pleading once as a matter of course before being served with a responsive pleading."  Fed. R. Civ. P. 15(a)(1).[1]  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

28 U.S.C. § 1447(e) provides that if, after a matter is removed to federal court on the basis of diversity jurisdiction "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); see also Estate of Horvath v. Ciocca, 2008 WL 938927, at *2 (E.D. Pa. Apr. 4, 2008).  "Section 1447(e) supersedes Rule 15."  Id. at *3.

## III.    Discussion

Although the Third Circuit has not yet addressed the proper interpretation of Section 1447(e), numerous courts in this district have adopted the approach of the Fifth Circuit in Hensgens v. Deere, Co., 833 F.2d 1179, 1182 (5th Cir. 1987).  See Massaro v. Bard Access Sys. Inc., 209 F.R.D. 363, 367 (E.D. Pa. 2002) ("[A] review of the legislative history of § 1447(e) suggests that its enactment was intended to codify the flexible approach toward joinder of non-

---

[1]     Defendant filed a Motion to Dismiss on November 19, 2007.  A motion to dismiss, however, does not constitute a responsive pleading.  See Mumford v. GNC Franchising LLC, 2007 WL 3003798, at *3 (W.D. Pa. 2007); Kronfeld v. First Jersey Nat. Bank, 638 F. Supp. 1454, 1460 (D.N.J. 1986).   Pleadings include the complaint, answer, reply to counterclaim, answer to cross-claims, third party complaint, third-party answer and, by order of court, a reply to an answer or third-party answer.  Fed. R. Civ. P. 7.

diverse parties adopted in Hensgens."); Doe No. 4 v. Soc'y for Creative Anachronism, Inc., 2007 WL 2155553, at *3 (E.D. Pa. July. 25, 2007).

In evaluating the propriety of permitting joinder pursuant to Section 1447(e), the Hensgens Court considered: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.  Ciocca, 2008 WL 938927, at *3 (citing Kahhan v. Mass. Cas. Ins. Co., 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001)); see also City of Perth Amboy v. Safeco Ins. Co. of Am., 2008 WL 640532, at *2 (D.N.J. Mar. 10, 2008).  If a court permits joinder of the non-diverse defendant, it must remand to state court.  See 28 U.S.C. § 1447(e).

Defendant opposes remand on the ground that Finnegan's Wake is not an "indispensable party" under Fed. R. Civ. P. 19.  See Memorandum in Opposition to Motion to Remand, at 2-3.[2]  Defendant's position is without merit, as Section 1447(e) "makes no distinction between indispensable and permissive joinder." Massaro, 209 F.R.D. at 366; Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999) ("Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant ... is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis."); Casas Office Machines, Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 675 (1st Cir. 1994) ("[S]ection 1447(e) does not require the

---

[2] Because Defendant had not filed a responsive pleading, Plaintiffs were not required to seek leave of Court before amending their complaint.  See Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."); see also Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[N]either a motion to dismiss, nor a motion for summary judgment, constitutes a responsive pleading under Federal Rule of Civil Procedure 15(a).").

court, in considering whether joinder of a nondiverse party should be permitted to deprive the court of jurisdiction, to determine whether the party is 'indispensable' to the action according to Federal Rule 19(b)." (citations omitted)).

All four Hensgens factors weigh in favor of permitting Plaintiffs to join Finnegan's Wake as a defendant. As to the first factor, there is no evidence that the purpose of the amendment was to defeat federal jurisdiction. Plaintiffs have alleged facts in the Amended Complaint that may give rise to dram shop liability on the part of Finnegan's Wake.[3] See Kahhan, 2001 WL 1454063, at *2 ("[T]here is no evidence that plaintiff's motive in adding [the additional defendant] to the present action is anything other than a desire to promote an efficient resolution of her dispute, by joining all defendants in one lawsuit regardless of the forum.").

With respect to the second Hensgens factor, the record reveals that Plaintiff's conduct has not been dilatory. The Amended Complaint was filed on November 30, 2007, approximately two weeks after the action was removed. The instant remand motion was filed on December 17, 2007, approximately one week following the filing of Defendant's Motion to Dismiss. Plaintiffs thus acted promptly to amend their Complaint and seek remand. See City of Perth Amboy, 2008 WL 640532, at *4. With regard to the third Hensgens factor, Plaintiffs would be significantly prejudiced if joinder is disallowed, as they would be forced to litigate two matters arising out of the same incident in two separate fora. See id.; Kahhan, 2001 WL 1454063, at *3.

Finally, equitable considerations weigh heavily in favor of remand. "Judicial economy

---

[3] The Amended Complaint alleges for the first time that "[i]n the evening on June 31, 2006 and into the morning of July 1, 2006[,] Defendant Finnegan's Wake, through its agents, servants and/or employees served, sold or gave [the alleged assailants] alcoholic beverages while they were visibly intoxicated in violation of the Pennsylvania Dram Shop Act ... 47 P.S. § 4-493." Amended Complaint ¶ 29.

would be hampered by allowing concurrent federal and state proceedings [where] [b]oth lawsuits arise from a common nucleus of facts, and raise similar issues ...\" Kahhan, 2001 WL 1454063, at *3.  In addition, "where there is a lack of federal interest in deciding the state law issues, federal courts prefer to have state courts interpret their own laws." Id.; see also Ciocca, 2008 WL 938927, at *6 ("[T]here is a general presumption in favor of state jurisdiction ... Moreover, as a general proposition, plaintiffs have the option of naming those parties whom they choose to sue, subject only to the rules of joinder ... There is no reason for a court to interfere, unless the plaintiff had impermissibly manufactured diversity or used an unacceptable device to defeat diversity.").  Accordingly, judicial economy and equity would be best served by facilitating the litigation of all of Plaintiffs' claims in a single forum.

## IV.    Conclusion

For the foregoing reasons, the Court will permit joinder of Finnegan's Wake, and remand this matter to the Court of Common Pleas of Philadelphia County.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH TARTAGLIA and** | : | **CIVIL ACTION** |
| **CONNIE TARTAGLIA, h/w** | : | |
| | : | **NO. 07-4766** |
| **v.** | : | |
| | : | |
| **SAFETY BUS SERVICE, INC., et al.** | : | |

## ORDER

**AND NOW,** this  28TH  day of April, 2008, upon consideration of Plaintiffs' Motion for Remand (docket no. 7), and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED,** and this matter is **REMANDED** to the Court of Common Pleas of Philadelphia County for further proceedings.

BY THE COURT:

/s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN,  J.